EZRA M. PETERSON, Appellant, v. OGDEN CITY, Respondent.

No. 4513.    Decided September 26, 1927.    (259 P. 921.)

*De Vine, Howell, Stine & Gwilliam,* of Ogden, for appellant.

*Samuel E. Blackham,* Asst. City Attorney, of Ogden, for respondent.

STRAUP, J.

The plaintiff brought this action to recover damages for injury to real property resulting from the defendant's re-

grading sidewalks and streets upon which the property abutted and adjoined. In such respect the plaintiff in his complaint alleged that long prior to 1923 the defendant established a grade of such streets and sidewalks; that between January, 1923, and March, 1924, the defendant, at plaintiff's request, who was about to build a store and apartments on his property, gave him the established grade and placed grade stakes to enable the plaintiff to construct his building in conformity therewith, and that the plaintiff erected a two-story concrete and brick building— a store and factory on the ground floor and apartments on the second floor—in accordance with such established grade; that thereafter the defendant, in building a bridge across Ogden river and in making street and sidewalk approaches thereto, changed the grade of the sidewalk and street upon which the plaintiff's property abutted and adjoined, removed a portion of the pavement, curb, and sidewalks thereof, raised a portion of the street and sidewalk eighteen inches, repaved, recurbed, and reguttered portions thereof, and failed to curb and gutter other portions, rendering ingress and egress to and from plaintiff's property difficult and inconvenient and causing drainage and surface waters from the street and sidewalk to flow upon plaintiff's property and against and into his building, weakening the foundation and cracking the walls thereof and rendering the building untenable, and the yard wet and muddy, to plaintiff's damage in the sum of $7,000.

That the complaint stated a cause of action is not questioned. The answer in effect is a general denial.

To support the allegations of the complaint the plaintiff himself gave testimony and called five other witnesses, two of whom were the city and county engineers, a contractor and builder, and others familiar with the premises and conditions, all of whom gave testimony in support of some or all of the material allegations of the complaint. At the close of plaintiff's evidence, the defendant moved for

a nonsuit on the grounds that the plaintiff failed to prove that the defendant made any substantial change in the grade; that any change made resulted in injury to plaintiff's property, or that the condition of plaintiff's premises was the result of any change of grade; that the plaintiff failed to take any measures to prevent or mitigate his damage and failed to show any damage or injury to his property. Upon argument on the motion, the court observed that the motion for nonsuit would have to be overruled, but stated that if the case was submitted the court would direct a verdict in favor of defendant. Thereupon the defendant withdrew its motion and rested, whereupon the court directed a verdict in favor of the defendant.

Plaintiff appeals. No question of law is presented or involved with respect to the rights or liabilities of the parties. The plaintiff claims, and the defendant denies, that there was sufficient evidence on all of the material allegations of the complaint to let the case to the jury. On an examination of the record we think the claim is well founded, and that the court erred in directing a verdict. To support this conclusion it is unnecessary and of no benefit to the bench or bar or to the parties to detail the substance of the testimony of each witness on both direct and cross-examination. Let it suffice by saying that, in our opinion, there was sufficient evidence to support all of the material allegations of the complaint and to require the case to be submitted to the jury, unless it be as to the allegation that the regrading of the street and sidewalk rendered the ingress and egress to and from plaintiff's property difficult or inconvenient to any substantial injury or damage.

The judgment of the court below is therefore reversed and the cause remanded for a new trial. Costs to appellant.

THURMAN, C. J., and CHERRY, HANSEN, and GIDEON, JJ., concur.